UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                                  Case No. 91-80936
                                                    Honorable Patrick J. Duggan
VENUS COLEMAN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR WRIT OF CORAM NOBIS PURSUANT TO 28 U.S.C. § 1651

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 24, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On August 11, 2005, Defendant Venus Coleman filed the pending motion pursuant to the All Writs Act, 28 U.S.C. § 1651.  Defendant challenges her 1992 convictions for (1) conspiracy to possess with intent to distribute and distribution of heroin and cocaine; (2) money laundering; and (3) making a false statement.  Defendant seeks a writ of coram nobis, claiming that her counsel was ineffective in not objecting to the Government's failure to establish to the jury that the purchase of automobiles and real estate– i.e. the transactions on which the Government based the money laundering counts against Defendant–  impacted interstate commerce.  For the following reasons, Defendant's writ

1

of coram nobis is denied.

The Sixth Circuit Court of Appeals has permitted petitioners to seek writs of coram nobis to challenge their federal sentences or convictions when a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is no longer available, for example where the petitioners no longer are in custody.  *See, e.g., Blanton v. United States*, 94 F.3d 227 (6th Cir. 1996).  The Supreme Court, however, has limited the use of such writs to "circumstances compelling such action to achieve justice."  *Id*. at 231 (quoting *United States v. Morgan*, 346 U.S. 502, 511, 74 S. Ct. 247, 252 (1954)).  Thus "[c]oram nobis may be used only to review errors 'of the most fundamental character, that is, such as rendered the proceeding itself invalid.'"  *Id*. (quoting *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984)(per curium)).  In *Flippins*, the Sixth Circuit stated that a coram nobis petition should be granted only when the petitioner demonstrates the following: (1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.  747 F.2d at 1091; *see also Blanton*, 94 F.3d at 231.

In her motion for writ of coram nobis, Defendant alleges an error of law rather than an error of fact that is so fundamental that it renders the prior proceedings invalid. Accordingly,

2

**IT IS ORDERED**, that Defendant's request for a writ of coram nobis is **DENIED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Venus Coleman
Canton, MI 48183

AUSA Wayne Pratt