UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,
        Plaintiff,

v.                                                Case No. 91-80936
                                                Honorable Patrick J. Duggan

VENUS COLEMAN,
        Defendant.

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR WRIT OF
CORAM NOBIS PURSUANT TO 28 U.S.C. § 1651**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 17, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On August 7, 2008, Defendant Venus Coleman filed the pending motion pursuant to the All Writs Act, 28 U.S.C. § 1651. Defendant challenges her 1992 convictions for (1) conspiracy to possess with intent to distribute and distribution of heroin and cocaine; (2) money laundering; and (3) making a false statement. Defendant seeks a writ of coram nobis, claiming that the Supreme Court's decision in *United States v. Santos*, 128 S. Ct. 2020 (2008), renders her convictions invalid. In her brief in support of her motion, Defendant also argues that her counsel was ineffective in not objecting to the Government's failure to establish to the jury that the purchase of automobiles and real estate– i.e. the transactions on which the Government based the money laundering counts against Defendant– impacted interstate commerce. For the following reasons, Defendant's writ of coram nobis is denied.

The Sixth Circuit Court of Appeals has permitted petitioners to seek writs of coram nobis to challenge their federal sentences or convictions when a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is no longer available, for example where the petitioners no longer are in custody. *See, e.g., Blanton v. United States*, 94 F.3d 227 (6th Cir. 1996). While Defendant no longer is in custody, the Sixth Circuit has stated that a coram nobis petition should be granted only when the petitioner demonstrates the following: (1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984); *see also Blanton*, 94 F.3d at 231. Thus a defendant is not entitled to a writ of coram nobis when he or she only alleges an error of law. *See, e.g., Moore v. United States*, 79 Fed. App'x 788, 790 (6th Cir. 2003), cert. denied 541 U.S. 1069, 124 S. Ct. 2403 (2004).

As she did in a previously filed motion for writ of coram nobis, Defendant presently only alleges errors of law. Accordingly,

**IT IS ORDERED**, that Defendant's request for a writ of coram nobis is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Venus Coleman
1769 Regency Apt. 102
Canton, MI 48188

AUSA Wayne Pratt